Good morning. May it please the Court, my name is Sarah Stone and I represent the appellant in this case. Could you move the microphone closer to yourself? Sure. I'm very short and this is very tall. I represent the appellant Michael Tsosie. I'm going to watch my time and try and save two minutes for rebuttal. The district court in this case awarded restitution for 60,000 miles worth of driving for a mother visiting her daughter at boarding school based on a 10-page spreadsheet and supported by receipts, testimony, sworn victim statements. Was there any objection made when the spreadsheet was tendered on grounds of lack of foundation, lack of specificity, lack of authentication? Yes, Your Honor. There was only an objection on the grounds of I don't think this evidence is sufficient. It wasn't just that it wasn't sufficient. Could you point me out to any particular portions of the transcript which tell us that other than a general comment, because it's not even an objection, that the evidence wasn't sufficient? Certainly. At ER 42, Mr. Tsosie's counsel noted that the evidence in the spreadsheet – well, the spreadsheet itself conflicted with discovery that there was very little travel by the victim. That's argument. That's argument, isn't it? It's conflicted. It's argument. Well, it's an objection that there is a dispute to the restitution that's requested. No, no, no, no. What I'm talking about is an objection to the evidence. Saying that there are conflicts in the evidence is an argument as to its lack of weight. Mr. Tsosie's counsel did not object to the admission of the spreadsheet itself. What Mr. Tsosie's counsel asked for and what the Court declined to give in this case was an opportunity to explore what supported the assertions in the spreadsheet. Did counsel for the defendant make a proffer of proof as to what he intended to go into should he have had an evidentiary hearing? No, Your Honor, he did not. But he did object on numerous occasions. He asked for an evidentiary hearing, though, didn't he? He did ask for an evidentiary hearing. He asked for that at ER 43. He – and in fact, the government initially asked for an evidentiary hearing in this case and noted that it was substantially higher than what the probation officer had recommended. And they did back off of that and say they'd leave it up to the Court. But they initially asked for an evidentiary hearing as well. Additionally, this Court under Garcia-Sanchez has an independent obligation to make sure that the evidence it relies upon to resolve a dispute about restitution rests upon supportable evidence, and that's simply not – not in existence here. The spreadsheet – what the Court had before it was the 10-page spreadsheet, as I noted, and an affidavit from Ms. Scranton, who is a counselor. That affidavit, like in Walking Inn, was very bare bones. It did not say how long her treatment plan was for the victim. So it did not say if it incorporated this entire period of driving, just that she wanted the mother just to visit the victim. Let me ask you this. Was the spreadsheet and the affidavit made available to defendant a week before the sentencing in accord with the district court's order that it be made available to all parties a week before the hearing? The spreadsheet, yes. My understanding is the affidavit, no. The defendants' counsel received that the Friday before the Monday sentencing. The spreadsheet – and that is also the same, I believe, for the probation officer, and that's why it was not included in the probation report. Did the – in the week before the hearing, did defendants' counsel lodge any requests to examine the preparer of the spreadsheet to determine the accuracy or lack of it? They did not, Your Honor, but they did object at the hearing. And I would remind the Court that the probation officer in this case – and what defense counsel had before him was that the probation officer did not recommend that the court bring the preparer of the spreadsheet in to answer any questions that the defense might have about it. I think the answer is they had a week to demand that the court, or request that the court bring the preparer of the spreadsheet in to answer any questions that the defense might have about it. That's – and defense counsel did not do that, but he did. Well, are there any rules in the local district that require that you give notice one week before the sentencing date that you want an evidentiary hearing and you want witnesses – you want the government to produce witnesses? No, Your Honor. In fact, under 3664, which 2248 says applies, it states that the court should set a hearing if that's requested and there is a dispute. There are several cases where there just simply isn't a dispute. The parties are able to work it out. So the government's absolutely right when they say a hearing is not required in every case. But in this case where you do have a clear dispute, you have defense counsel saying this conflicts with pretrial discovery, there were limited trips home by the victim, and you have the court saying absolutely nothing about it. We simply don't have enough from the court for meaningful appellate review to know if he considered it. And that's one of the big problems. Did the court give an explanation as to why he would not grant a hearing? No. The court very briefly questioned the victim's advocate. The victim's advocate cited two cases that were 3663 cases as support. So we don't even know that the correct statute was used in this case to award restitution. And as we know, the court's power to award restitution is statutory. You have made an argument in your brief which suggested that none of this was admissible – was taxable to him as restitution anyway. Are you abandoning that argument? No, Your Honor. Our position is that this award is barred by 2248 in this Court's decision in Follett. And as this Court made clear, 2248 in the sense of who can recover is narrower than some of the other restitution statutes, and the specific language is the costs that are incurred by the victim. In this case, while a mother could conceivably be a victim under 2248C with another fact pattern, Follett makes clear that there's also a foreseeable cost. I thought the language also, though, went on and said that the legal guardian of the victim. A legal guardian or a parent. But they may not stand in the shoe – they may stand in the shoes of the victim, but they may not substitute their own costs. And there's the foreseeability aspect. But is this her cost or its cost of the victim, essentially, for parental care that she was medically advised to have? By analogy, I think it's clear under Follett if this were a counselor who were visiting weekly from Kaibucho, their – to Flagstaff, their costs would not be recoverable because it is too attenuated. And that's the same problem we have. Counselor that she had to pay for, that her mother had to pay for under Follett, it would be recoverable. Not if – not if the loss is too attenuated from the offense. And in this case, it is. But wasn't she – wasn't there a counselor who advised that as part of the treatment for this young child, the mother should be visiting her every weekend? There is the affidavit from Ms. Granton that says that. It does not say the time period. We don't know that it includes this entire 60,000 miles. Well, that's a different issue. That goes back to the first question. But as to the question of whether – I mean, the just pure legal question of whether if medically advised to have parental visits periodically, whatever the periodically is. Well, suppose it wasn't her mother. Suppose they – she was medically advised to have her uncle visit her, but her mother had to pay for it. Would that count? Again, it – I believe it comes down to the foreseeability aspect of it. And in this case, that's just not here. That's a different – I mean, you're kind of switching grounds, because originally you were arguing that it's because she wasn't the victim. But the mother – children don't have money and children don't pay for things. So if she was medically advised to have a brace, presumably her mother would buy it and that would count. I agree with you, Your Honor. It's very rare that a child would incur costs. But here, again, it is not foreseeable that a mother would put her child in boarding school 10 years down the line. It's the foreseeability issue that keeps the mother from being a victim or even keeps the costs from being the victim's costs. This was – she was not at the school because of the offense. She was at boarding school and – Why can't she just continue on with her life? You're saying that because she was a victim, she should have stayed at home with her mother? Not at all, Your Honor, but that – I don't find that a very attractive argument. And I agree with you. And that's not the argument at all. But it is not a cost that is – it's just that – I didn't understand her asking for the cost of the boarding school. It's too attenuated factually and temporally. What she's asking for is the cost of traveling to visit her daughter, which was recommended by this counselor. It was recommended, but it's also including costs to bring the daughter home at Christmas, at the school year. And this is – But as Judge Berlant said, that's a whole other issue. And this is why an evidentiary hearing was required for that other issue. But it is simply too attenuated. I am almost out of my time, so I'd like to reserve the remainder for rebuttal. Excuse me. Joan Rufinock, appearing on behalf of the United States District of Arizona. The waiver provision applies in this case. Defendants – or defendant attempts to undermine the waiver provision by citing cases such as Phillips and Gordon and cases related to restitution that was ordered under 3663 and 3663A. Excuse me. Those statutes precisely – When he signed that plea agreement, did he know the waiver? Did he know how much restitution was looking at? No, he did not. But he was advised – How can you say it's knowing in those circumstances? Because if the Court looks at the difference between the two statutes, as this Court observed in Follett, 2248 is a very different statute from 3663A and 3663. Those two statutes expressly provide for the parties to negotiate in a plea agreement restitution to parties – to third parties and restitution that exceeds the counts of conviction. That is what occurred in those waiver cases of Gordon and Phillips, and that is why this Court found the way of the specific plea agreement language with regard to restitution in those cases was ambiguous. What was the language in this plea agreement? The language in this plea agreement was that the parties stipulated and agreed to an 18-month sentence. Does it say anything at all about restitution? It does not say anything. It merely advises the defendant that he's subject to restitution. Now, where does it say that? Oh, yes, I see it. Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18 United States Code section 3663, the Court determines that restitution would not be appropriate in this case. So what is the other – you're saying that there was a different provision in the other – a different statutory provision applicable in the other cases? Exactly. And that is under 3663A and – I had them in front of me. Here we go. That provision is that, pursuant to – here we go. Okay. Which is the statute? Oh, I'm sorry. It's 3663A, little a, 3, and it says the Court shall also order if agreed to by the restitution to persons other than the victim of the offense. That provision appears in both 3663 and 3663A. It does not appear in 2248. And the cases that were cited by the defense to undermine the waiver provision in this case are all 3663 and 3663A restitution cases. Is your point that under 3663, the defendant has to agree in the plea agreement to pay to a third party under 3663, but under 2248, no such agreement is required? No. My interpretation is that everything you said with regard to 3663 is correct. But that under 2248, that it doesn't have that plea agreement provision for – That's what I meant. Yes. Okay. Then yes. It does – that language is simply not there. Did you say this in your brief? No. I'm sorry? Did you say this in your brief? No. No. But the reason for that, Your Honor, is that there was not a direct argument in the opening brief arguing that the waiver wasn't applicable. What they said in the opening brief was if the Court finds that a sentence is unlawful under Phillips-Gordon, that the way – the plea waiver can be undermined. No argument simply stated that's the position. Well, this is at least the first argument of that variety, that is, you simply cannot give restitution for the cost incurred by the mother. Isn't that an illegal argument, an argument of illegality, leaving aside the second argument about the hearing? Right. It's a legal issue of whether the statute authorizes restitution to the mother. So that issue, you would say, is before us? It is a legal issue, yes. And the authority of the Court to do what it did would not be subject to the waiver. But the second issue you'd say is not because of this distinction between the two statutes. Absolutely. Which you haven't mentioned before today. Correct. Okay. It's the government's position that when you look at 2248, that the crime or that the statutory language expressly includes the legal guardian of the minor child under the age of 18 as a victim. And it specifically says victim means child under the age or the victim of the offense. And if the child is under the age of 18, the legal guardian of the offense. That language in 2248, again, is contrasted with the language in 3663A and 3663, where in those two statutes, the parent stands in the shoes of the victim and can recover for the victim's losses. In 2248, which is the more specific statute, and it's specifically enacted and in the same section as the sexual abuse offenses, it's in the 2240 series of offenses, it provides that the parent or legal guardian of the child is a victim of the offense. And therefore, it's foreseeable that the transportation costs that were incurred by the mother to comply with the treatment plan that was developed for the child by the behavioral health worker are recoverable under 2248. But so your position is that the mother can recover for her own costs and not for costs qua guardian. In other words, if this all made her very upset and she had to go to a psychiatrist, she could recover for that? The direct language of the statute says. Well, frankly, it seems to me it's subject to the reading that says when they're talking about legal guardian, they're talking about legal guardian qua legal guardian, not somebody who is the legal guardian and something else happens to that person. Well, it says, or another family member. But it says the term victim means, and that's a distinction from 3663, 3663A. Here it says the victim means the individual harmed as a result of a commission of a crime under this chapter, and this chapter specifically is the sexual abuse offenses, many of which deal with children, including in the case of a victim who is under 18 years of age, the legal guardian of the victim or representative of the victim's estate. So your answer to my question about whether she could recover for her own psychiatric injuries is yes? No. Well, why not then? Well, because the victim of the offense is, it has to be, in addition to falling within the definition of victim, it's the full amount of victim's losses. I'm sorry. It's determined by the court. Excuse me. The term full amount of losses includes, and then it talks about the costs incurred by the victim. So I guess it is somewhat, somewhat contradictory. But for a death. I'm sorry? But for a death. What if the victim died? If the victim died, then. Think the victim's mother could, you know, need severe, needed serious psychological counseling to recover from the death of her daughter, who was a victim of a crime? You don't think she could get, she could be compensated? Not under this statute, because this statute deals specifically with the sexual abuse. So I suppose if you had. What if it was a death arising out of a sexual abuse situation? If you had that, then arguably, under the language of the statute, the mother could be compensated for the psychiatric treatment if it was a direct, if it could be tied directly to the offense conduct to which the defendant pleader was found guilty. Mr. Stone, could I take you back to your waiver argument for just a second to see if I understand it? Sure. The waiver in the plea agreement, paragraph 4, page 22, is a very general waiver agreement. What you're saying is that the waiver of the sentencing means that Mr. Tsotsi cannot appeal from the restitution order at all. Is that right? And you get to that by saying the Gordon case, which says, in effect, if you don't know the amount of restitution before you plead guilty, you can't have waived your restitution rights, doesn't apply, because that's a 3663 case and this is a 2248  Is that correct? It's generally correct. If this Court were to find that the mother is not, as the legal guardian, is not considered also the victim and capable of recovering for the victim's expenses, then if you find it's an illegal sentence for that reason, that the mother's recovery is not authorized by statute, then the waiver provision does not apply. But the government's position is the mother is covered under 2248. I understand that. But on the waiver issue, you're saying that we ought to consider the waiver under 2248 rather than under 3663. Oh, absolutely. Yes, I'm sorry. I misunderstood. And that you don't need to have an agreement to pay under 2248, because that's a law-imposed agreement, a law-imposed order. Whereas, under 3663, the statute itself says that the parties agree to restitution. And, of course, that's a different statutory language. Do I have you right on that? Exactly. Where is the language? I'm looking at 333. It's difficult, because there's no written argument here, and so I'm trying to reproduce it. 3663A, Mandatory Restitution A-1, says that the court shall order, in addition to that the defendant make restitution. Where is there any go down to paragraph 3? The court shall also order restitution to persons other than the victim of the offense. But that doesn't here, the argument isn't that this is – is that what was at stake in Gordon Phillips, the restitution to somebody other than the victim of the offense? Yes, and because all – each of those cases were fraud cases or, like, tax fraud, mail fraud, different kinds of fraud cases. And there were victims who were victims of the offense, but the defendants did not plead to counts with regard to those victims. So there was a statute – or there was an agreement under the plea agreement that persons in addition or victims in addition to those that were the subject of the counts of conviction, those counts to which they pled, could also be compensated. And in each of those cases, there were problems in either the plea agreement language where it was unclear. For example, in Phillips, he pled to, I believe it was tax fraud, but there were also securities fraud counts. But nothing in the discussion in Gordon suggests that that was the basis for the restitution determination if the waiver didn't apply. That's because Gordon cites to Phillips. And is there anything in the discretion of Phillips that says that? Yes, there is. And there's also – because Phillips also cites to Broughton Jones, which is a Fourth Circuit case, and so it – during preparation for argument, if you go all the way back, Broughton Jones was specifically this argument, where the – it was a fraud case, there was restitution pursuant to the plea agreement that went to parties other than those who were the defendants. I'm wondering why we shouldn't have briefing on this. It's rather complicated, and I'm – Yeah, I don't – it's amazing that this light just went off as you were preparing for argument. Right. I mean, even taking your argument, I still don't understand why the amount of restitution isn't a significant factor in the defendant's decision to agree to a blanket waiver. Well, I'd submit that – I don't care which statute you rely upon. Doesn't – don't you think it makes a difference if it's $1,000 – $500, $1,000 versus $30,000 or $100,000? I think that perhaps it could, but I think the Court should also – if the Court's going to look at that, you should also look at the fact that this defendant was facing 97 to 121 months on the count to which he pled guilty. We don't know. I mean, look, I don't know. Maybe he would have agreed to it if he would have said, look, here's your restitution. It's 33 – it's $35,000 or 30 – whatever. It's $31,000. This is it. We want you to agree to restitution. It's put to him on the table. And he says, well, you know, if I – what happens if I don't agree to that? Well, then, you know, we might have to go to trial. And he says, okay, well, then, well, let's, you know, maybe – maybe I'll go for 20,000. I mean, I think there is a – for me, there is – and it seems to be in those other cases that the amount – that knowing the amount is – can be a significant factor. And I submit to the Court that the reason, the amount – Let me ask you this other question. Let's assume for a moment that we just – we don't buy your argument and we conclude that there is no – that the waiver doesn't bar his appeal on any of this stuff. Okay. And let's assume for a moment that the mother can recover, can be awarded. Do you agree – I mean, what's your position with respect to the way the district court handled this? There was no hearing here. There was no hearing here, but – It was a rather perfunctory decision on the district court's part. I would disagree with that because the spreadsheet was before the parties four months in advance of the sentencing hearing, because it was – there was litigation with regard to its production of medical records of the victim. In addition, on January 5th, in the defendant's sentencing memorandum that he filed, he noted that the mother was requesting the $32,000 in restitution for the trips that she had made. And in – and what he did in the sentencing memorandum was proffer that the victim was around the defendant's house during a specific portion of time and that in defendant's opinion, the child's mental problems or emotional problems were due more to expectations with regard to grades than with restitution. There was no challenge to the spreadsheet itself. But there wasn't the argument. I mean, they said that there was issues about whether she really had to do – travel as much as she did and whether – there was a general request for an evidential hearing and a general – and certain observations about the things that were a little odd about the spreadsheet. So – I agree with that. But there was no challenge to the amount of trips that were taken or the fact that the trips were taken. What defense presented at the hearing was it's our understanding from reading the discovery that initially when these disclosures were made, that there was very little travel, at least on the part of the victim's part, to go home, and she had spent the majority of the time at the school where she was living. Well, that simply says we think that there might have been other purposes to this travel in addition to going to see the victim. Because if you look at the affidavit that was by Ms. Granton, she said, I developed the plan for the treatment of this child. And as part of my treatment plan, I said that she needed to have weekly visits. She either needed to go home to the reservation or her mother needed to come to see her on the weekend. Sometimes more than weekly visits. I'm sorry? There were sometimes more than weekly visits. There were. There were also visits that would have occurred at any way, like Christmas and holidays and stuff like that. And this Court has said in considering, and Gamma Tech is one place in particular, where the Court has said that the loss caused by the defendant's conduct doesn't need to be the sole and exclusive reason for the restitution. All right. What they said at the hearing was, I don't believe sufficient evidence has been provided. We've received a list of travel, but I imagine there would be some visitation on behalf of the mother, at least to go home for holidays and other occasions. And there was, before that, there was very little travel and so on. So basically, they're saying they're disputing that what's in this spreadsheet represents what needed to be done in order to comply. And why isn't that sufficient? To at least have a hearing. I mean, to have a determination, have the judge make a decision. Because, again, the number of trips that were listed in the affidavit itself – I mean, the affidavit is fairly explicit. It has the dates of the trips, the number of the trips, the amount of the mileage, and the costs according to the IRS government mileage rate. Was that under oath, by the way? The affidavit was – I'm sorry. The spreadsheet was not. The affidavit was. And the affidavit – and in the case of the – That's the affidavit you're talking about, when the affidavit is by the counselor? Correct. And what happened – There's nothing under oath from the mother after these trips? No. There is not. Is that the reason to have a hearing? No, I don't think so. And the reason for that is that the affidavit is sufficiently – provides sufficient facts upon which the district court can make its decision that restitution was appropriate. Because the court knew from under oath that the mother was ordered or ordered by the counselor to make those trips, that the probation, the PSR report –  to make those trips. She was required to make weekly trips to either pick up her daughter or to have – or to bring her daughter home or to go visit her daughter because her daughter required weekly. You've been very generous with our time with you. I have very little time left. I briefly want to address Waiver. You can have a minute.  I don't think it's a new novel argument that they haven't raised. Because they haven't raised it, it shouldn't be considered. But even so, Phillips and Gordon are clearly on point here. They make it clear that notice is the key. And in this case, there was even less than there was in Phillips and Gordon. The only place that restitution is discussed is in the maximum penalties portion. It's not in the waiver portion. It's not in the agreement of sentence. And it's not in the defendant's acceptance. So this case is much more similar to Gordon and Phillips than any of the cases. You think if the plea agreement had said specifically, as some releases for personal injury damages often say, I realize that the amount of restitution is presently unknown. And no matter what the amount of restitution is, I waive any appeal from that amount of restitution. Would that be effective? This course doesn't have to decide that here, because it's not in the plea here. There's very minimal language. And I would, in fact, say that- You don't want to answer my question. I don't know the answer to it, but you don't have to get there. And I think in a 2248 case where it is emotional harm, it actually should be, notice should be much more required. Because it is so much more difficult to measure. One thing that is very anomalous, however, is that with regard to sentences of incarceration, it's also a blind waiver. And it's always bothered me that it's a blind waiver. But that's what it is. In other words, when people agree that they're not going to appeal their sentence, they don't know what the sentence is. So why is this different? Because the case law in Phillips- Well, I understand that. But it is a little – it is anomalous. It may be, but that's this Court's case law. Very briefly, I want to address that even if- Usually with the sentence, isn't there usually some estimate about what the- There's some estimate. In the plea agreement, they agree to certain guideline ranges or whatever. Occasionally. It's a little bit more- Mandatory minimums. Maybe in answer to Judge Bea's question, if the plea agreement here had said, well, the restitution could range from $10,000 to $100,000. In some of the cases that the government cited, there were stipulated amounts. And that – those are very distinct from the case here where there's not – and our – Mr. Stosky never admitted to an amount owed at sentencing, as happened in some of the other cases. Very briefly, even if this Court disagrees with our analysis under 2248, it needs to vacate and remand for hearing. The spreadsheet in this case is simply implausible. Thank you. Thank you. The matter is submitted, and we'll turn to our last case for the day.
judges: Paez, Berzon, Bea